# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| SANDRA CONSORCE KAMUGWERA,<br><br>Plaintiff,<br><br>v.<br><br>ALLIANT CREDIT UNION FOUNDATION,<br><br>Defendant. | Case No.: 3:19-mc-9999<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **TCPA, 47 U.S.C. § 227,**<br>2. **Invasion of Privacy - Intrusion Upon Seclusion** |

## COMPLAINT FOR DAMAGES

Plaintiff, Sandra Consorce Kamugwera ("Plaintiff"), through her attorneys, alleges the following against Alliant Credit Union Foundation, ("Defendant" or "Alliant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the common law tort of Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement

(Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or her private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331, and 28 U.S.C. §1367(a).

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendants transact business here; personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Nashville, Tennessee.

7. Defendant is a financial institution engaged in the business of giving consumer credit and loans with its principal place of business located in Chicago, Illinois.

8. Defendant can be served with process at 11545 West Touhy Avenue, Chicago, IL 60666.

9. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Defendant is attempting to collect a debt from Plaintiff.

11. In or around June of 2018, Defendant began placing calls to Plaintiff on her cellular phone number ending in 1491, in an attempt to collect an alleged debt.

12. The calls placed by Defendant originated from (800) 328-1935, (773) 462-2000, and (773) 462-7269.

13. Plaintiff answered several of Defendant's calls and heard a short pause before a collection agent began to speak, indicating the use of an automated telephone dialing system, and then hung up.

14. On or about June 22, 2018, at 10:34 a.m., Plaintiff called back Defendant's (800) 328-1935 number and spoke to a representative. During this call Plaintiff unequivocally revoked consent to be contacted by Alliant any further on her cellular phone.

15. Despite Plaintiff's request not to be contacted, Defendant continued to call Plaintiff up to three (3) times per day.

16. On or about September 27, 2018, at 3:32 p.m., Plaintiff called back Defendant's (773) 462-2000 number and spoke to a representative. During this call Plaintiff unequivocally revoked consent to be contacted by Alliant any further on her cellular phone for a second time.

17. Despite Plaintiff's second request not to be contacted, Defendant continued to call Plaintiff.

18. On or about November 23, 2018, at 5:30 p.m., Plaintiff answered a call from Defendant. Plaintiff heard a short pause before a collection agent began to speak, indicating the use of an automated telephone dialing system.

19. During the November 23, 2018 call, Plaintiff asked a representative why Alliant continued to contact her after she had requested that they stop calling her.

Additionally, for a third time, Plaintiff revoked consent to be contacted by Alliant any further on her cellular phone.

20. Despite Plaintiff's third request not to be contacted, Defendant continued to call Plaintiff.

21. Plaintiff told Defendant that she had gotten sick because Defendant's calls were stressing her out so much and that she could not concentrate anymore.

22. Between June 2018 and November 2018, Alliant contacted Plaintiff on her cellular phone approximately SIXTY (60) times.

23. Defendant contacted Plaintiff on her cellular phone between one (1) and three (3) times per day after she revoked consent to be contacted three (3) different times.

24. Alliant's conduct was willful and done with the intention of causing Plaintiff such distress, so as to induce her to pay the debt.

25. Defendant's automated system would routinely call Plaintiff around the same time of day.

26. For example, Defendant called Plaintiff at 9:03 a.m. (June 27, 2018), 9:13 a.m. (June 29, 2018), 9:30 a.m. (July 2, 2018), 9:02 a.m. (September 18, 2018), 8:59 a.m. (September 21, 2018), and 9:03 a.m. (October 30, 2018).

27. Plaintiff works full-time as caregiver and the calls placed by Defendant were a constant disruption to her workday.

28. The bombardment of phone calls made by Defendant caused additional stress, embarrassment, and anxiety to Plaintiff.

29. Plaintiff takes over the counter medication when Defendant calls her, and the continuous phone calls have made her anxious, depressed and have disrupted her ability to sleep.

30. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish and anxiety.

## COUNT I
### Defendant's Violations of the TCPA, 47 U.S.C. § 227

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic

telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

33. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### Defendant's Invasion of Privacy
### (Intrusion upon Seclusion)

34. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

35. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

   a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

   b. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's work and sleep schedule.

   c. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

36. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Consorce Kamugwera, respectfully requests judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendant violated the TCPA;

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C. Actual and punitive damages resulting from the invasion of privacy;

D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

E. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted July 16, 2019.

/s/ Christopher Kim Thompson
THOMPSON LAW
Christopher Kim Thompson #015895
4800 Charlotte Avenue, Suite 200
Nashville, TN 37209
615-832-2335
615-942-6812
fax 615-383-7128
kim@thompsonslawoffice.com